UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MATHEW HARDEN,

    Plaintiff,

v.                                                                                                  06-3075

ROGER E. WALKER, JR.,
STEVEN C. BRYANT,
DR. WILLARD ELYEA,
JOHN CEARLOCK,

    Defendants.

### Case Management Order

Before the court are several pending motions filed by Plaintiff.

IT IS ORDERED:

1)   Plaintiff's motion to compel is denied (d/e 23). Plaintiff does not dispute Defendants' assertion that Defendants did respond to Plaintiff's production request on December 18, 2006. (d/e 30). Plaintiff also does not dispute that he withdrew his request to obtain his medical records after learning that he would have to pay for the copies, or that he declined to review them at no cost (see discussion below).

2)   Plaintiff's motion to subpoena witnesses to respond to Plaintiff's written depositions is denied (d/e 24). Plaintiff appears to seek to compel Dr. Robert Prophet and Dr. David C. Lieber, non-parties, to act as expert witnesses, or at least to compel them to respond to Plaintiff's correspondence asking them to stand by their prior recommendations.

   The plaintiff's incarceration necessarily limits him to written discovery. Fed. R. Civ. P. 31(a)(1) does allow for depositions upon written questions without leave of court, but Plaintiff has not complied with that Rule. Further, if Plaintiff is trying to proceed under Rule 31, Plaintiff would be responsible for arranging for and

paying the court reporter to record those depositions, as well as for serving the subpoenas on the physicians, and for paying for any applicable statutory witness and mileage fees to compel attendance by subpoena. The clerk is directed to send Plaintiff a copy of Fed. R. Civ. P. 31 and 45.

3) Defendants' motion for extension of time to respond to Plaintiff's motion to compel is denied as moot (d/e 29).

4) Plaintiff's unopposed motion for extension to disclose his expert(s) is granted (d/e 25). Plaintiff shall have until March 1, 2007, to disclose his experts.

5) Plaintiff's motion for stipulations by Defendants is denied (d/e 26). The court does not compel parties to stipulate to facts.

6) Plaintiff's motion for appointment of counsel is denied, with leave to renew (27).

Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

Counsel willing to take on, pro bono, a prisoner civil rights case in the Central District of Illinois are difficult to find. Therefore, the court does not request counsel lightly, for doing so only makes it more difficult to find counsel in future cases that do have demonstrated merit. Appointment of an attorney to a case without some demonstrated chance for success squanders scarce resources.

For counsel to make a difference in the outcome of this case, there must arise an inference of deliberate indifference. At this point, there are not enough facts in the record to determine whether a lawyer would have a realistic chance at raising that inference. Specifically, there are not enough facts to inform the court on

exactly what Plaintiff's medical condition is, the treatment options, the medical reasons for the treatment options chosen, exactly what each defendant did that amounted to deliberate indifference, and exactly what treatment was given to Plaintiff and when. Additionally, there is no information on Plaintiff's current condition or treatment since he filed his Complaint. There is no real detail on the frequency and severity of Plaintiff's symptoms in the past or present, or how it affects his daily life. Some answers to these questions may require expert testimony, but not all. Plaintiff's filings show that he is competent and understands the nature of his claim and of his condition, yet he has not provided the specificity needed to determine exactly what has and is happening to him. He could arguably do this with his own detailed affidavit, either in a renewed motion for counsel or in response to a summary judgment motion. His motion for appointment of counsel is therefore denied, with leave to renew.

7) Plaintiff's motion for order for medical records is denied, with leave to renew (d/e 31). The court needs more specifics from both sides.

Plaintiff states that he refused to sign a consent form authorizing the release of his medical records to Defendants' attorneys because IDOC refused to provide a free copy of the records to Plaintiff. Plaintiff does not have an unlimited and automatic right to free copies of all of his medical records. Nor is Plaintiff's inability to afford to pay for copies of his medical records a valid reason for withholding consent of their production to Defendants. On the other hand, Defendants do not have an unlimited and automatic right to refuse to produce all copies of the records without prepayment by Plaintiff. The resolution of discovery disputes like this is governed by the Federal Rules of Civil Procedure. Yet the court cannot apply those rules because it does not have enough facts. There is no information on how voluminous those records are or the time span they cover, or their relevance or likelihood of leading to relevant evidence on the claim in this case. There is also no specific information on what medical records Plaintiff already has. He apparently already has several, as they are attached to his Complaint.

If Plaintiff still seeks copies of some of his medical records, he should accept the IDOC's offer to review them. Plaintiff may then file a motion to compel exactly what copies he seeks and why. After Plaintiff files a motion to compel identifying the specific

records he still needs, Defendants may inform the Court of their specific objections under the Federal Rules.

The court also notes that Plaintiff's medical records during the relevant time period would be attached as an exhibit to a well-supported summary judgment motion, a copy of which would be provided to Plaintiff. A well-supported summary judgment motion would have those records attached to an affidavit from a qualified expert or treating physician authenticating them and explaining what relevant entries say and mean. A well-supported summary judgment motion would also explain what the outside recommendations attached to the Complaint say and mean (as they are largely illegible), what Plaintiff's condition is, and the basis for the treatment decisions that were made.

8) Plaintiff's motion for clarification of his motion is denied as moot (d/e 33).

Entered this 21st Day of February, 2007.

                   **s\Harold A. Baker**

                  HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE